IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AKIA STROUD, ) | |
| ) | Civil Action |
|    Plaintiff, ) | No. |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| S. P. RICHARDS COMPANY, ) | |
| ) | |
|    Defendant. ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Akia Stroud, by and through undersigned counsel, and files this Complaint for Damages against Defendant S. P. Richards Company ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

1

## PARTIES

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Capitol Corporate Services, Inc., 3675 Crestwood Parkway, NW, Suite 350, Duluth, Georgia 30096.

## ADMINISTRATIVE PREREQUISITES

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA"). The EEOC issued a "Notice of Right to Sue" on March 15, 2021, entitling an action to be commenced within ninety (90) days of receipt of that notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

7.

Defendant has now, and at all times relevant hereto, has been an employer subject to the Americans with Disabilities Act ("ADA").

8.

Plaintiff was hired by Defendant in or about October 2018 as the private label brand manager.

9.

Plaintiff suffers from a disability, within the meaning of the ADA, of which Defendant had actual knowledge. In particular, Plaintiff suffers from asthma.

10.

On or around March 16, 2020, Plaintiff began working remotely as a result of the COVID-19 pandemic.

11.

Plaintiff regularly communicated with Defendant regarding her need to work remotely because she was considered high-risk if exposed to COVID-19. Plaintiff communicated with Merchandising Manager, Ty Blankenbaker, Sales Director, Eddie Baird, Vice Presient of Furniture at the time, Dennis Arnold, and various members of the human resources department.

12.

On October 1, 2020, Defendant sent an email notifying all employees that they were to return to in-person work on October 19, 2020.

13.

Plaintiff immediately notified Human Resources Manager, Julie Charyna and Vice President of Human Resources, Jim Starr that she needed to continue working remotely due to her disability.

14.

On October 6, 2020, Human Resources Manager, Deborah Tubbs asked Plaintiff to provide medical documentation for her request to work remotely. Plaintiff responded on October 14, 2020, explaining to Ms. Tubbs, Ms. Charyna, and Mr. Starr that her primary physician had referred her to a specialist and she had an appointment set for the week of October 19, 2020.

15.

On October 15, 2020, Ms. Tubbs again requested medical documentation for Plaintiff's request, and Plaintiff again explained that she had an appointment with a specialist the week of October 19, 2020.

16.

On October 20, 2020, Mr. Blankenbaker requested medical documentation for Plaintiff's request.

17.

On October 22, 2020, Plaintiff provided Ms. Tubbs, Ms. Charyna, and Mr. Starr with the requested medical documentation in the form of a doctor's note from her medical provider. The note stated that Plaintiff suffered from asthma and allergies and needed to work remotely.

18.

The next day, October 23, 2020, Plaintiff's employment was terminated.

19.

Defendant stated that it terminated Plaintiff because her position was being eliminated due to a lack of sales, however, another employee had recently been hired in Plaintiff's department to perform similar duties.

20.

Plaintiff was able to perform the essential job functions of the job for which she was hired.

21.

Defendant terminated Plaintiff because of her disability or perceived disability and/or request for an accommodation.

22.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disability or perceived disability.

23.

Plaintiff has suffered lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## **CLAIMS FOR RELIEF**

## **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA DISCRIMINATION)**

24.

Plaintiff repeats and re-alleges paragraphs 7-23 as if set forth fully herein.

25.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

26.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

27.

At times relevant to this action, Plaintiff has been an individual with disability as that term has been defined by the ADA.

28.

At times relevant to this action, Defendant and the individual(s) involved in the decision to terminate Plaintiff were aware of Plaintiff's disability, including at the time of Defendant's termination of Plaintiff.

29.

Plaintiff's disability or perceived disability was a determinative factor in Defendant's decision to terminate Plaintiff.

30.

At all times relevant, Plaintiff could perform the essential functions of her position.

31.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

32.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disability, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

33.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

34.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

35.

Plaintiff is entitled to compensatory and punitive damages.

## **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA") (RETALIATION)**

36.

Plaintiff repeats and re-alleges paragraphs 7-23 as if set forth fully herein.

37.

The ADA protects qualified individuals, including Plaintiff, from retaliatory measures taken by an employer based on protected activity, including opposing disability discrimination and requesting an accommodation for a disability.

38.

Plaintiff engaged in protected activity by notifying the Defendant of her disability and seeking an accommodation.

39.

Defendant subjected Plaintiff to adverse employment action by terminating her employment because she sought an accommodation.

40.

There is a causal connection between Plaintiff's request for a reasonable accommodation and Defendant's decision to terminate her employment as a result.

41.

As a direct and proximate result of these actions, Plaintiff has suffered damages, including lost wages and emotional distress.

42.

Defendant, therefore, is liable for the damages caused proximately by its retaliation.

43.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

44.

Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g)　　Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)　　Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)　　All other relief to which she may be entitled.

This 18th day of March, 2021.

**BARRETT & FARAHANY**

s/V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Akia Stroud*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
vsroberts@justiceatwork.com